HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALDIE DARNELL HENRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, DEPUTY JOSE ARIAS, DEPUTY JUAN RODRIGUEZ, SERGEANT BENJAMIN TORRES and DOES 1 to 100,<br><br>　　　　Defendants. | CASE NO. CV13-0394 JCG<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER RE: DEFENDANTS' PRODUCTION OF CERTAIN DOCUMENTS UNDER FRCP 26(A)(1)**<br><br>**[Filed concurrently with defendants' Stipulation for Protective Order Re: Defendants' Production of Certain Documents Under FRCP 26(A)(1)]**<br><br>[Assigned to Magistrate Judge Hon. Jay C. Gandhi – Courtroom 827-A<br><br>Trial Date:　　February 25, 2014 |

After full consideration of the Stipulation by the parties for a Protective Order, and for GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

　　　1.　　In connection with informal or formal disclosure of documents and other materials in this action (including but not limited to those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate as "Confidential," under the terms of this Stipulation and the related Protective Order, any document, thing, material, or testimony from the following Categories of documents:

a. Employment records

b. Incident Reports, Use of Force Reports, and other reports of specific incidents unrelated to plaintiff's own encounter with law enforcement personnel.

c. Memoranda, correspondence, and other documents which relate to incidents unrelated to the one that is the subject of the present lawsuit

d. Medical, psychiatric, and rehabilitation records

e. Financial records pertaining to plaintiff or any of the individual deputy defendants

2. "Confidential" information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

**GOOD CAUSE STATEMENT:**

3. Good cause exists for entry of this Order. As for defendants, they may produce, among other things, employment records and reports relating to incidents not involving plaintiff. In these materials, the names and other identifying information of suspects and witnesses who were interviewed are referenced or disclosed. In addition, materials to be produced will contain the names and other identifying information of law enforcement personnel. Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests. As for plaintiff, he may produce, among other things, personal medical records and bills relating to medical

1  treatment and care.  These records and bills will likely contain sensitive medical and
2  financial information that plaintiff desires to be kept confidential and disclosed only
3  in the context of this litigation.

4      4.    "Confidential" documents within the categories described in ¶ 1 shall
5  be so designated by stamping copies of the document or material produced by a
6  party with the legend "CONFIDENTIAL" in a manner that does not interfere with
7  the legibility of the documents.  Stamping the legend "CONFIDENTIAL" on the
8  cover of any multi-page document or any multi-volume material, shall designate all
9  pages of the document and all volumes of the material as confidential, unless
10 otherwise indicted by the producing party.

11     5.    Testimony taken at a deposition may be designated as "Confidential"
12 by making a statement to that effect on the record at the deposition.  Arrangements
13 shall be made with the court reporter transcribing the deposition to separately bind
14 such portions of the transcript containing information designated as "Confidential",
15 and to label such portions appropriately.

16     6.    Material designated as "Confidential" under this Order, the information
17 contained therein, and any summaries, copies, abstracts, or other documents derived
18 in whole or in part from material designated as Confidential (hereinafter
19 "Confidential Material") shall be used solely for the purpose of litigating this action,
20 and for no other action or purpose.

21     7.    Confidential Material produced in this action may be disclosed or made
22 available to the following persons (hereinafter "Qualified Persons"):

23     a.    Each lawyer for a party in this action, including outside and
24 in-house lawyers and other lawyers regularly employed in their
25 offices, and such lawyers' staff to whom it is necessary that
26 materials be disclosed for purposes of this litigation, including
27 paralegals, assistants, secretaries, and document clerks;
28     b.    Each party, partner, officer, director, agent, or employee of a

party deemed necessary by counsel to work on this action;

    c.    Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

    d.    Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

    e.    Mediators, arbitrators, or similar outside parties and their staffs enlisted by all parties to assist in the resolution of this litigation;

    f.    The Court and its personnel; and

    g.    Court reporters and stenographers employed in this action.

8.    Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 7b, 7c, 7d, and 7e above shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for each other party within ten (10) days if expert disclosures have already been made, or concurrently with expert disclosures, if expert disclosures have not been made at the time the Nondisclosure Agreement is executed.

9.    Any party intending to file any material that constitutes or contains Confidential Material shall file it under seal in compliance with Central District *Local Rule* 79-5.1.

10.    This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use,

-4-

and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. Because discovery is still continuing, the parties may later wish to designate as "Confidential" any document which does not fall into the specific Categories listed in ¶ 1. They may do so by stipulation, which must be confirmed by plaintiff and defendants in writing or e-mail. Once such a stipulation is completed, the terms of this Order shall bind all parties with regard to the "Confidential" designation of those documents.

14. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

15. Within sixty (60) days after the conclusion of this action, including any appeals, a party to whom Confidential Material has been produced shall return all such material, including copies thereof, to the producing party.

16. This Order shall survive the conclusion of this action, including any appeals, to the extent that information comprising or contained in Confidential Material does not become public. The Court shall retain jurisdiction to resolve any dispute concerning compliance with the terms and conditions of this Order, including any alleged violation thereof.

**IT IS SO ORDERED**

Dated: April 30, 2013          By:_____
                                    HON. JAY C. GANDHI